UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN JENNINGS, SR.,

      Plaintiff,

      v.

TOTAL BUS CARE, INC., a Michigan
corporation, and ALBERT DIXON, an
individual,

      Defendants.

_____/

CASE NO. 2:09-CV-12235
JUDGE ARTHUR J. TARNOW
MAGISTRATE JUDGE PAUL KOMIVES

## REPORT AND RECOMMENDATION

I.    RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1
II.   REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2
    A.   *Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2
    B.   *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4
    C.   *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5
        1.   *Claims Against Defendant Dixon* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5
        2.   *Sex Discrimination* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7
            a. Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7
            b. Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10
        3.   *Hostile Environment* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10
            a. Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   10
            b. Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12
            c. Exhaustion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   16
        4.   *Retaliation* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   18
    D.   *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   19
III.  NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   20

\*      \*      \*      \*      \*

I.    RECOMMENDATION: The Court should grant in part and deny in part defendants' motion

for summary judgment.  Specifically, the Court should grant summary judgment: (1) to defendant

Dixon on plaintiff's Title VII claims against him individually; and (2) to both defendants on

plaintiff's Title VII and ELCRA retaliation claim.  The Court should deny summary judgment with

respect to plaintiff's ELCRA hostile environment claim against both defendants and with respect

to plaintiff's Title VII hostile environment claim against defendant Total Bus Car, Inc.  Finally, the Court should deem plaintiff's sex discrimination claim, asserted in Count III of the Amended Complaint, withdrawn and should dismiss this claim.

## II.   REPORT:

### A.   *Background*

Plaintiff Melvin Jennings was a mechanic in the employ of the Total Bus Care, Inc. (Total Bus).  He alleges that the owner of Total Bus, Albert Dixon, responded inappropriately to his allegations that he suffered sexual harassment from a minor co-worker while both were working at the bus garage.  On June 10, 2009, plaintiff initiated this action by filing a *pro se* complaint seeking relief under Title VII of the Civil Rights Act of 1963, as amended, 42 U.S.C. s 2000e et seq ("Title VII").  After counsel was conditionally appointed for plaintiff, he filed through counsel an amended complaint asserting claims under both Title VII and the Michigan Elliott-Larsen Civil Rights Act (ELCRA).  Plaintiff's amended complaint asserts claims of hostile work environment, retaliation, and sex discrimination[1] under both Title VII and ELCRA.

For the most part, the facts of the case are undisputed.  Plaintiff was employed by Total Bus at various times from sometime in 2000 through July 24, 2008.  His responsibilities included assisting other licensed mechanics with repairing and performing general maintenance on buses being serviced by the company.  In July 2008 defendant also employed Shaniqua Howard, a 15 year old female who worked as a part-time employee assisting her mother, Orazil Stoutermire, and other

---

[1]Some cases use the term "gender discrimination" as opposed to "sex discrimination." Title VII, however, speaks of discrimination on the basis of "sex," and that term is more accurate as a matter of grammar.  *See J.E.B. v. Alabama ex rel. T.B.*, 511 U.S. 127, 157 n.1 (1994) (Scalia, J., dissenting). Accordingly, I use the term "sex discrimination" unless quoting another source which uses "gender discrimination."

employees with cleaning buses. There is no dispute that plaintiff and had a social as well as working relationship with Stoutermire that included Howard and Stoutermire's husband. Plaintiff testified in his deposition that during the summer of 2008, he was subjected to repeated sexual advances from Howard which included comments and inappropriate touching, and that he repeatedly complained about Howard's conduct to Dixon.

On July 24, 2008, plaintiff reported Howard's inappropriate conduct to defendant Dixon and stated that he did not want to work with her anymore. Plaintiff testified in his deposition that he thereafter returned to his work, but Howard continued to come into his work location and engage in inappropriate conduct. According to plaintiff, Dixon had already left the workplace, and the attempts of Dixon's secretary to contact him were unsuccessful. Not wanting to return to work with Howard, and having been told by Dixon that he could go home if he did not want to work with Howard, plaintiff punched out and left with the intent of returning the following day. Defendant Dixon, in his deposition, presented a somewhat different version of the events of July 24. In his account, plaintiff reported Howard's conduct to him at 9:20 a.m. Dixon responded that plaintiff performed different work and did not have to come into contact with Howard, and asked plaintiff if he still wanted to work. When plaintiff responded that he did, Dixon said, "O.K., let's get back to work." Nevertheless, according to Dixon, plaintiff immediately walked to the time clock, where he punched out at 9:28 a.m. Plaintiff then got into his car and left the property. Plaintiff returned to work a day or two later, but Dixon considered his actions on July 24 to be a voluntary quit and refused to rehire plaintiff.

On October 20, 2008, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging discrimination based on sex and retaliation. On May

3

11, 2009, the EEOC issued a right to sue letter.  Plaintiff then initiated this suit, as set forth above.

The matter is currently before the Court on defendants' motion for summary judgment, filed on July 19, 2010.  Defendants argue that plaintiff's hostile environment claim fails because it relies on only a discrete act or series of acts, and because it exceeds the scope of the EEOC charge. Defendants also argue that plaintiff's retaliation claim fails because he cannot show that defendants took any adverse action against him.  Defendants further argue that they are entitled to summary judgment because plaintiff cannot establish a *prima facie* case of sex discrimination.  Finally, defendants argue that defendant Dixon is entitled to summary judgment with respect to the claims against him individually.  Plaintiff filed a response to defendants' motion on August 13, 2010.

B.    *Legal Standard*

Under Rule 56, summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "A fact is material only if its resolution will affect the outcome of the lawsuit."  *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248).  In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor.  *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case."  *Hedrick*, 355 F.3d at 451

4

(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  To meet this burden, the moving party

need not produce evidence showing the absence of a genuine issue of material fact.  Rather, "the

burden on the moving party may be discharged by 'showing' – that is, pointing out to the district

court -- that there is an absence of evidence to support the non-moving party's case."  *Celotex*

*Corp.*, 477 U.S. at 325.  "Once the moving party satisfies its burden, 'the burden shifts to the

nonmoving party to set forth specific facts showing a triable issue.'"  *Wrench LLC v. Taco Bell*

*Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio*

*Corp.*, 475 U.S. 574, 587 (1986)); *see also*, Fed. R. Civ. P. 56(e).

 To create a genuine issue of material fact, however, the non-movant must do more than

present some evidence on a disputed issue.  As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the
> nonmoving party for a jury to return a verdict for that party.  If the [non-movant's]
> evidence is merely colorable, or is not significantly probative, summary judgment
> may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23;

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  Thus, "[t]he

existence of a mere scintilla of evidence in support of the non-moving party's position will not be

sufficient; there must be evidence on which the jury could reasonably find for the non-moving

party."  *Sutherland*, 344 F.3d at 613.

C. *Analysis*

 1. *Claims Against Defendant Dixon*

 Defendants first contend that defendant Dixon is entitled to summary judgment with respect

to the claims against him individually.  The Court should agree with respect to plaintiff's Title VII

claims, but disagree with respect to plaintiff's ELCRA claims.

Title VII prohibits discrimination on various bases by employers against their employees. Specifically, the Act provides that "[i]t shall be an unlawful employment practice for an *employer*" to discriminate against an employee on the basis of race.  42 U.S.C. § 2000e-2(a) (emphasis added). Likewise, the retaliation provision of the Act provides that "[i]t shall be an unlawful employment practice for an *employer*" to retaliate against an employee for opposing a discriminatory practice of the employer.  42 U.S.C. § 2000e3(a).  The Act defines an "employer" as "a person engaged in an industry affecting commerce," 42 U.S.C. § 2000e(b), and an "employee" as "an individual employed by an employer."   42 U.S.C. § 2000e(f).   Under these definitions, "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII."  *Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997).  The same holds true with respect to owners of employing entities.  *See Joseph v. HDMJ Restaurant, Inc.*, 685 F. Supp. 2d 312, 318 (E.D.N.Y. 2009); *Matthews v. Marten Transp., Ltd.*, 354 F. Supp. 2d 899, 903 (W.D. Wis. 2005) ("Title VII does not create individual liability for either supervisory agents of the employer or owners of the business."); *Manns v. Leather Shop Inc.*, 960 F. Supp. 925, 928 (D.V.I. 1997) (individual liability may not be imposed on sole owners of employing businesses).[2]  Thus, the Court should conclude that defendant Dixon is entitled to summary judgment with respect to plaintiff's Title VII claims against him.

The Court should also conclude, however, that defendant Dixon is not entitled to summary

---

[2]Some courts have concluded that Title VII liability may be imposed on owners who are the alter ego of the corporation, or under a piercing of the corporate veil theory.  *See Pacheco Bonilla v. Tooling & Stamping, Inc.*, 281 F. Supp. 2d 336, 338-39 (D.P.R. 2003).  Other courts have rejected this conclusion. *See United States Equal Employment Opportunity Comm'n v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 n.11 (7th Cir. 1995).  Regardless of whether such liability is available in general, plaintiff has alleged no facts in his complaint nor offered any evidence which would support piercing the corporate veil and holding defendant Dixon personally liable under Title VII.  *See Mayes v. Moore*, 419 F. Supp. 2d 775, 780-82 (M.D.N.C. 2006).

judgment on this basis with respect to plaintiff's ELCRA claims.  Unlike Title VII, ELCRA's definition of "employer" explicitly includes individuals.  Specifically, the statute provides that "'[e]mployer' means a person who has 1 or more employees, and includes an agent of that person." MICH. COMP. LAWS § 37.2201(a).  As the Michigan Supreme Court has explicitly held, "[b]ecause MCL 37.2201(a) provides that an 'employer' includes an 'agent' of the employer, an agent can be held individually liable under the CRA."  *Elezovic v. Ford Motor Co.*, 472 Mich. 408, 422, 697 N.W.2d 851, 859 (2005)  On remand in *Elezovic*, the Michigan Court of Appeals explained that

> it is through [a] delegation of general supervisory power and authority that one becomes an "agent" of the employing entity and, thus, an employer within the context of the CRA.  Specifically, persons to whom an employing entity delegates supervisory power and authority to act on its behalf are "agents," as distinguished from coemployees, subordinates, or coworkers who do not have supervisory powers or authority, for purposes of the CRA.

*Elezovic v. Bennett*, 274 Mich. App. 1, 10, 731 N.W.2d 452, 458 (Mich. Ct. App. 2007).  Here, there appears to be no dispute that defendant Dixon was the owner and operator of defendant Total Bus and exercised general supervisory power.  Thus, he should be deemed an "employer" under ELCRA.

    2.    *Sex Discrimination*

Turning to the substance of plaintiff's claims, the Court should first conclude that defendants are entitled to summary judgment on plaintiff's sex discrimination claims.[3]

*a. Legal Standard*

The Sixth Circuit has explained the legal standard governing discrimination claims under

---

[3]The analysis which follows, both in this section and with respect to plaintiff's sexual harassment and retaliation claims, discusses solely Title VII.  However, "[t]he following analysis applies to Plaintiff's ELCRA claim[s] equally because the ELCRA is virtually identical to Title VII and the Michigan courts find federal precedent highly persuasive in ELCRA claims."  *Russell v. Bronson Heating & Cooling*, 345 F. Supp. 2d 761, 787 n.9 (E.D. Mich. 2004) (Borman, J.); *Galeski v. City of Dearborn*, 690 F. Supp. 2d 603, 616 (E.D. Mich. 2010) (Edmunds, J.).

Title VII:

In Title VII actions, "a plaintiff may establish discrimination either by introducing direct evidence of discrimination or by proving inferential and circumstantial evidence which would support an inference of discrimination." *Kline v. Tenn. Valley Auth.,* 128 F.3d 337, 348 (6th Cir.1997). When using circumstantial evidence to create an inference of discrimination, the complainant must carry the initial burden of establishing by a preponderance of the evidence a prima facie case of discrimination by his or her employer. In evaluating a claim of employment discrimination, we employ the burden-shifting approach first announced in *McDonnell Douglas Corporation v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See also Vaughn v. Watkins Motor Lines, Inc.,* 291 F.3d 900, 906 (6th Cir.2002); *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252-53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). A plaintiff who successfully establishes a prima facie case receives the benefit of a presumption that the employer unlawfully discriminated against him. *Burdine,* 450 U.S. at 254, 101 S.Ct. 1089. The burden then "shifts to the defendant 'to articulate some legitimate, nondiscriminatory reason for the employee's rejection.' " *Id.* at 253, 101 S.Ct. 1089 (quoting *McDonnell,* 411 U.S. at 802, 93 S.Ct. 1817). Finally, "should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* Throughout this shifting burdens framework applicable when circumstantial evidence is involved, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.; see also Talley v. Bravo Pitino Rest., Ltd.,* 61 F.3d 1241, 1246 (6th Cir.1995).

*DiCarlo v. Potter*, 358 F.3d 408, 414-15 (6th Cir. 2004).

In order to establish a prima facie case of discrimination, plaintiff must show that "(1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was qualified for the position in question; and (4) he was treated differently from similarly situated individuals outside of his protected class."  *Smith v. City of Salem, Ohio*, 378 F.3d 566, 570 (6th Cir. 2004); *DiCarlo*, 358 F.3d at 415.   If a plaintiff fails to establish a genuine issue of fact with respect to any element of his prima facie case, the Court need not consider the other elements.  *See Paris v. Christiana Care Visiting Nurses Ass'n*, 197 F. Supp. 2d 111, 116 (D. Del. 2002); *Seely v. Runyon*, 966 F. Supp. 1060, 1064 n.7 (D. Utah 1997).  If plaintiff establishes these four elements, the burden

shifts to defendant to offer a nondiscriminatory reason for its actions. If it fails to do so, summary judgment for defendant will not be appropriate. However, this burden is one of production, and the ultimate burden of persuasion remains on the plaintiff. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993). Thus, while a defendant's failure to offer a nondiscriminatory reason to rebut a plaintiff's *prima facie* case will allow the case to go to the jury, and allow the jury to find for the plaintiff, such a failure does not entitle the plaintiff to summary judgment. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146-47 (2000) ("[T]he factfinder's rejection of the employer's legitimate, nondiscriminatory reason for its action does not *compel* judgment for the plaintiff.).

If defendant does articulate a valid nondiscriminatory reason for its actions, the burden shifts to plaintiff to show that the defendant's proffered reason is pretextual. Plaintiff can establish pretext by showing "1) that the proffered reasons had no basis in fact, 2) that the proffered reasons did not actually motivate the action, or 3) that the proffered reasons were insufficient to motivate the action." *Cicero v. Borg-Warner Automotive, Inc.*, 280 F.3d 579, 589 (6th Cir. 2002). At this stage, the plaintiff must show that the proffered reason is a pretext for prohibited discrimination. "A reason is legitimate for purposes of the civil rights laws if it is nondiscriminatory, even if it is mean-spirited, ill-considered, inconsistent with humane personnel policies, or otherwise objectionable." *Galbraith v. Northern Telecom, Inc.*, 944 F.2d 275, 280 (6th Cir. 1991). Further, if the employer had an honest belief in its nondiscriminatory reason for the action, the reason is legitimate even it is later shown to be incorrect. *See Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1117 (6th Cir. 2001). At all times throughout this framework, the ultimate burden of persuasion remains with the plaintiff. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993).

*b. Analysis*

9

Here, plaintiff alleges that his discharge was based at least in significant part on his sex, and that defendants therefore discriminated against him in violation of Title VII and ELCRA. Defendants argue that they are entitled to summary judgment because plaintiff has failed to show that he was treated differently than similarly situated female employees. The Court need not resolve this issue, because plaintiff has abandoned this claim.

First, plaintiff's response does not address the sex discrimination claims. Plaintiff's amended complaint clearly sets forth three separate causes of action: hostile environment, retaliation, and sex discrimination in his termination. Defendant's motion and brief argue that defendants are entitled to summary judgment with respect to each claim separately. Yet in his brief in opposition to defendants' motion, plaintiff addresses only the retaliation and hostile environment claims. And indeed, in his response to defendant's motion, plaintiff denies defendants' assertion that the decision not to re-hire him had nothing to do with plaintiff's sex, but states that "to the extent that Defendants' allegations in this regard refers to Plaintiff's disparate treatment claim reference in Count III of his First Amended Complaint, Plaintiff agrees to withdraw that claim." Pl.'s Resp., ¶ 10. Accordingly, the Court should deem this claim withdrawn and dismiss the claim.

3.    *Hostile Environment*

*a. Legal Standard*

Hostile work environment claims address workplaces "permeated with discriminatory intimidation, ridicule, and insult that are sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotations and citations omitted). In order to establish a prima facie case of a hostile work environment, a plaintiff must show that: (1) he is a member of a protected

class; (2) he was subjected to unwelcome sexual harassment; (3) the harassment was based on his

sex; (4) the harassment created a hostile work environment; and (5) the employer is vicariously

liable. *See Clark v. United Parcel Serv.*, Inc., 400 F.3d 341, 347 (6th Cir.2005).[4]  Another Judge

of this Court has recently explained the standards governing a hostile environment claim:

> To establish the existence of a hostile work environment a plaintiff must meet
> both a subjective and objective standard. *Bowman v. Shawnee State University*, 220
> F.3d 456, 463 (6th Cir.2000) ("The conduct must be severe and pervasive enough to
> create an environment that a reasonable person would find hostile or abusive and the
> victim must subjectively regard that environment as abusive."). To determine
> whether a hostile work environment exists, a court must consider the totality of the
> circumstances rather than examining specific incidents or classes of incidents in
> isolation. *Williams v. General Motors Corp.*, 187 F.3d 553, 562 (6th Cir.1999). A
> court should consider a number of factors including "the frequency of the
> discriminatory conduct; its severity; whether it is physically threatening or
> humiliating, or a mere offensive utterance; and whether it unreasonably interferes
> with an employee's work performance." *Harris*, 510 U.S. at 23. However, the Sixth
> Circuit has cautioned that "Title VII was not meant to create a 'general civility code'
> and the 'sporadic use of abuse language, gender-related jokes, and occasional
> teasing' are not sufficient to establish liability. *Clark*, 400 F.3d at 352 (quoting
> *Faragher v. City of Boca Raton*, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662
> (1998). In addition, a plaintiff cannot rely on alleged harassment that was not based
> on the plaintiff's protected status. *Bowman*, 220 F.3d at 464 (refusing to consider
> alleged acts of harassment that were not based on plaintiff's status as a male).

Schaeffer v. Tractor Supply Co., No. 08-15000, 2010 WL 2474085, at *4-*5 (E.D. Mich. June 9,

2010) (Cohn, J.).  As to the fifth element of the prima facie case–vicarious liability–"[w]hen an

employee is harassed by co-workers rather than supervisors, '[a]n employer is only liable if it knew

or should have known of the charged sexual harassment and failed to implement prompt and

appropriate corrective action.'" *Id.* at *5 (quoting *Clark*, 400 F.3d at 348).

## b. Analysis

---

[4]As noted above, the same elements are necessary to establish a *prima facie* hostile environment
claim under ELCRA.  *See Johnson v. City of Flint*, No. 09-11805, 2010 WL 1957208, at *3 & n.6 (E.D.
Mich. May 13, 2010) (Edmunds, J.) (quoting *Chambers v. Trettco, Inc.*, 463 Mich. 297, 311, 614 N.W.2d
910, 915 (Mich.2000)).

At the outset, defendants' motion fails to satisfy their initial burden on summary judgment of "pointing out to the district court [] that there is an absence of evidence to support the non-moving party's case," *Celotex Corp.*, 477 U.S. at 325, and thus the burden does not shift here to plaintiff to point to the evidence supporting his hostile environment claim. Apart from the exhaustion issue discussed below, defendants brief merely sets forth two statements of law and a conclusion. The entire analysis consists of the following:

> In order to establish a claim of hostile work environment, a plaintiff must present evidence of harassment that unreasonably interferes with his work performance and creates an objectively intimidating, hostile, or offensive work environment. [case citation]. In this connection, the inclusion in an EEOC charge of a discrete act or acts, standing alone, is insufficient to establish a hostile-work-environment claim. [case citation].
> Not only should Plaintiff's claim of hostile work environment fail because it relies on a discrete act or set of acts to support same, this allegation clearly exceeds the scope of Plaintiff's EEOC charge . . . .

Def.s' Br., at 7-8.

The mere recitation of two general statements of law followed by a simple conclusion is not sufficient to show that defendants are entitled to summary judgment. On the contrary, Rule 56 explicitly provides:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1). Defendants' brief does not cite to any materials in the record, nor does it show that plaintiff cannot produce admissible evidence to support his claim. It merely states a

12

conclusion with no further discussion.  This is insufficient to meet even the admittedly light burden placed on defendants as the movants for summary judgment.  While defendants have no obligation to come forward with evidence of their own in seeking summary judgment, they do "bear[] the initial responsibility of informing the district court of the basis for their motion, and identifying those portions of [the record] . . . which they believe[] demonstrate the absence of a genuine issue of material fact."  *Celotex*, 477 U.S. at 323.  "It is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove his case."  *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993); *see also*, *Celotex*, 477 U.S. at 308 (White, J., concurring); *Mullins v. Cromwell*, 228 F.3d 1305, 1313 (11th Cir. 2000).  Defendants' conclusory assertion that plaintiff has alleged only a discrete act, unaccompanied by any discussion of the record facts or the application of the relevant law to those facts, is insufficient for defendants to meet their initial burden on summary judgment.  *Cf. Soilworks, LLC v. Midwest Indus. Supply, Inc.*, 575 F. Supp. 2d 1118, 1129 (D. Ariz. 2008), *clarified on other grounds*, 2008 WL 4173623 (D. Ariz. Sept. 5, 2008); *United States v. Mullinckrodt, Inc.*, 343 F. Supp. 2d 809, 815-16 (E.D. Mo. 2004); *Lorenzen v. GKN Armstrong, Inc.*, 345 F. Supp. 2d 977, 986 (N.D. Iowa 2004).  And because defendants have "fail[ed] to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see also*, *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

Further, even if the Court concludes that defendants have met their initial burden, the Court should conclude that they are not entitled to summary judgment with respect to plaintiff's hostile environment claim because plaintiff has presented sufficient evidence to raise a genuine issue of material fact.  There is no dispute that plaintiff's sex constitutes a protected class.  With respect to

13

the second and third elements of a hostile environment claim, plaintiff has presented evidence which, if believed and taken in the light most favorable to him, establishes that he was subjected to unwanted sexual harassment on the basis of his sex. Plaintiff testified in his deposition that Howard made repeated sexual advances toward him, and that because of these advances he "would stay as far as [he] possibly could away from her." Pl.'s Br., Ex. B., Dep. of Melvin Jennings, at 46 [hereinafter "Jennings Dep."].[5]

With respect to the fourth element, there is a genuine issue of material fact with respect to whether the harassment was so severe that it altered the terms and conditions of plaintiff's employment. Whether harassing conduct is sufficiently severe or pervasive to establish a hostile work environment is "quintessentially a question of fact." *Jordan v. City of Cleveland*, 464 F.3d 584, 597 (6th Cir.2006) (internal quotation marks omitted); *see also*, *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 332-333 (6th Cir.2008) (some citations omitted). An objectively hostile environment is one characterized by harassment "that a reasonable person would find hostile or abusive," while a subjectively hostile environment is one where the victim "perceives that the conditions of employment have been altered by the discriminatory conduct." *Harris*, 510 U.S. at 21-22. Summary

---

[5]Defendants note that outside his employment with Total Bus, plaintiff was also employed as a male dancer. It is not clear what purpose is served by this assertion in defendants' brief. To the extent it is meant to imply that plaintiff in fact welcomed the sexual advances, the implication is without basis. While "[a] plaintiff's words, deeds, and deportment can cast light on whether h[is] coworkers' treatment of h[im] was unwelcome and should have been perceived as such by them and their supervisors," *Carr v. Allison Gas Turbine Div., General Motors Corp.*, 32 F.3d 1007, 1011(7th Cir. 1994), this is so only when the plaintiff's conduct manifests receptiveness to the harassing conduct. *See id.* "In order to constitute harassment, the conduct must be unwelcome in the sense that the employee did not solicit or incite it, and in the sense that the employee regarded the conduct as undesirable or offensive." *Equal Employment Opportunity Comm'n v. SDI Athens East*, LLC, 690 F.Supp.2d 1370, 1378 (M.D. Ga. 2010) (internal quotation omitted); *accord Bales v. Wal-Mart Stores, Inc.*, 143 F.3d 1103, 1108 (8th Cir. 1998). Nothing in the record suggests that plaintiff was receptive to Howard's advances; on the contrary, the only evidence in the record is plaintiff's own testimony that he tried to avoid Howard's advances.

judgment is appropriate only if the evidence is so one-sided that there is no genuine issue of material fact as to whether there was a hostile work environment. *See Abeita v. Transam. Mailings, Inc.*, 159 F.3d 246, 250 (6th Cir.1998). Here, plaintiff testified to repeated acts of harassment which made it difficult for him to do his job, to the extent that he ultimately refused to work while Howard was still employed. Thus, there is no question that plaintiff has presented sufficient evidence of a subjectively hostile environment to withstand summary judgment. Further, because plaintiff's testimony is the only evidence available regarding the extent of the harassment, the evidence is not so one sided as to remove from the jury the "quintessential . . . question of fact" of whether the workplace was made an objectively hostile environment.

Finally, with respect to the fifth element of plaintiff's hostile environment claim, plaintiff has presented evidence that defendants failed to take appropriate steps sufficient to withstand summary judgment. Employers "that take affirmative steps reasonably calculated to prevent and put an end to a pattern of harassment-such as personally counseling harassers, sending them letters emphasizing the company's policies and the seriousness of the allegations against them, and threatening harassers with serious discipline if future allegations are substantiated-are more likely to be deemed to have responded appropriately." *Hawkins*, 517 F.3d at 342-43; *see also*, *Scarberry v. Exxonmobil Oil Corp.*, 328 F.3d 1255, 1259 (10th Cir.2003). To prevail on a claim based on coworker harassment, plaintiff must establish that "the employer knew or should have known of the harassment and failed to take immediate and appropriate corrective action." *Knox v. Neaton Auto Prods. Mfg., Inc.*, 375 F.3d 451, 459 (6th Cir.2004). Here, plaintiff testified that he reported Howard's conduct to Dixon five to seven times. *See* Jennings Dep., at 49-51. The record, however, is devoid of any evidence that defendants took any steps to remedy the alleged harassment. The

15

only evidence in the record regarding defendants' response is the testimony of both plaintiff and Dixon that, on the final report of the harassment, Dixon told plaintiff that he could go back to work or go home. *See* Jennings Dep., at 86; Pl.'s Br., Ex. C, Dep. of Albert Dixon, at 48-49.[6]  This evidence is sufficient to raise a genuine issue of material fact.

Accordingly, the Court should conclude that defendants have failed to meet their initial burden of establishing the absence of a genuine issue of material fact and that they are not entitled to judgment as a matter of law on plaintiff's hostile environment claim.  Further, the Court should conclude that in any event plaintiff has met his burden of demonstrating the existence of material questions of fact precluding summary judgment.

### c. Exhaustion

Defendants also argue that they are entitled to summary judgment on plaintiff's hostile environment claim because it was not properly exhausted.  The Court should reject this claim.

The Sixth Circuit has recently explained the Title VII exhaustion requirement and the

---

[6]Dixon did testify that, later in the day, he spoke with both Howard and her mother, each of whom denied plaintiff's allegations.  *See* Dixon Dep., at 51-53.  This, however, was after his initial response to plaintiff which was essentially that plaintiff should get back to work or go home.  Dixon also testified contrary to plaintiff's testimony that, until the final day, plaintiff never expressed similar concerns about Howard.  *See id.* at 55.  However, the Court must view the facts in the light most favorable to plaintiff and resolve any conflicts in the evidence in plaintiff's favor.  Tellingly, Dixon testified that his initial response to plaintiff was that he "didn't understand how he can be sexually harassed by a 15-year-old girl," *id.* at 50, a lack of understanding that is continued in defendants' brief.  *See* Def.s' Br., at 11 ("Moreover, Plaintiff's claim he could not control the advances of a 15 year-old minor, when he reports working as a male dancer, is absurd.").  Once plaintiff met his burden of reporting the harassment to his supervisor, however, it was not his duty to either bear the harassment or control Howard's conduct.  Title VII places that burden on employers.  Plaintiff's duty under the statute was limited to using "such means as are reasonable under the circumstances to avoid or minimize the damages that result from violations of the statute." *Faragher*, 524 U.S. at 806.  As the record now stands and viewed in the light most favorable to him, plaintiff did so by reporting the inappropriate conduct and attempting to avoid Howard at work.  He had no further obligation to "control" Howard's advances.

standards governing whether that requirement has been satisfied:

> In designating the procedure for challenging prohibited employment discrimination under Title VII, Congress gave initial enforcement responsibility to the EEOC. Thus, an employee alleging employment discrimination in violation of the statute must first file an administrative charge with the EEOC within a certain time after the alleged wrongful act or acts. *See* 42 U.S.C. § 2000e-5(e)(1). The charge must be "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge. *See* 42 U.S.C. § 2000e-5(f)(1); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). This rule serves the dual purpose of giving the employer information concerning the conduct about which the employee complains, as well as affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion. *See id.* at 44, 94 S.Ct. 1011. Hence, allowing a Title VII action to encompass claims outside the reach of the EEOC charges would deprive the charged party of notice and would frustrate the EEOC's investigatory and conciliatory role. At the same time, because aggrieved employees-and not attorneys-usually file charges with the EEOC, their *pro se* complaints are construed liberally, so that courts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge. *See Randolph v. Ohio Dep't of Youth Servs.*, 453 F.3d 724, 732 (6th Cir.2006). As a result, "whe[n] facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir.1998).

*Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361-62 (6th Cir. 2010).

Applying these standards here, it is clear that plaintiff properly exhausted his administrative remedies with respect to the hostile environment claim. It is true that plaintiff's initial charge of discrimination checked off boxes for discrimination based on "sex" and "retaliation." *See* Amended Compl., Ex. A. The form completed by plaintiff, however, contained no box for "hostile environment." The portion of the form in which plaintiff explains the particulars, however, makes clear that he is complaining not only about his discharge and defendants' alleged retaliation, but about the repeated harassment he received from Howard. In that section, plaintiff states that on the final day of his employment he "went to see the owner and complained about the *sexual harassment*

17

from a minor . . . working there *starting over again*." *Id.* (emphasis added).  He also asserted that

"prior to, I have complained on 2-3 occasions but to no avail." *Id.*  In light of these statements,

plaintiff's hostile environment claim could be "reasonably expected to grow out of the charge of

discrimination," *Randolph*, 453 F.3d at 732, a conclusion evidenced by the fact that EEOC did in

fact investigate a hostile environment claim and concluded that the evidence supported both that

plaintiff "was subjected to an unlawful employment practice when he was subjected to sexual

harassment in the workplace" and that defendant "did not take prompt and remedial action when it

came to addressing [plaintiff's] allegations of sexual harassment."  Def.s' Br., Ex. 4, Letter from

EEOC Investigator Lolita Davis to defendant's counsel, dated 4/7/09.  Accordingly, the Court

should conclude that defendants are not entitled to summary judgment on this basis.

      4.     *Retaliation*

      Finally, defendants argue that they are entitled to summary judgment on plaintiff's retaliation

claim.  The Court should agree.

      Retaliation claims under Title VII are governed by the same burden shifting framework

which govern discrimination claims.  *See Balmer v. HCA, Inc.* , 423 F.3d 606, 613-14 (6th Cir.

2005); *Singfield v. Akron Metropolitan Housing Auth.*, 389 F.3d 555, 563 (6th Cir. 2004).  "To

establish a prima facie case of retaliation, a plaintiff must show: (1) that []he engaged in protective

activity; (2) that defendant knew of this exercise of [his] protective activity; (3) that defendant

consequently took an employment action adverse to plaintiff; and (4) that there was a causal

connection between the protected activity and adverse employment action." *Balmer*, 423 F.3d at

614.

      Plaintiff alleges that his ultimate termination resulted from his protected activity of

complaining about the sexual harassment to Dixon. Regardless of whether plaintiff can establish a *prima facie* case of retaliation, defendants have proffered a legitimate, nondiscriminatory reason for their refusal to allow plaintiff to return to work. Specifically, Dixon considered plaintiff's act of leaving work to be a voluntary quit. This would constitute a legitimate, nondiscriminatory reason for defendants to refuse to allow plaintiff back to work. The burden therefore shifts to plaintiff to show that this reason was mere pretext for retaliation. Plaintiff argues that defendants' reason was pretext because other employees who have shown up late or not at all have not been terminated, and because the termination was inconsistent with Total Bus's personnel policies. Neither of these facts, however, creates a genuine issue of fact that defendants' actions were pretext for unlawful retaliation. "A reason is legitimate for purposes of the civil rights laws if it is nondiscriminatory, even if it is mean-spirited, ill-considered, inconsistent with humane personnel policies, or otherwise objectionable." *Galbraith v. Northern Telecom, Inc.*, 944 F.2d 275, 280 (6th Cir. 1991). Further, if the employer had an honest belief in its nondiscriminatory reason for the action, the reason is legitimate even it is later shown to be incorrect. *See Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1117 (6th Cir. 2001). Here, there is no evidence that suggests Dixon did not have an honest belief that plaintiff had voluntarily terminated his employment. Indeed, the fact that Dixon told plaintiff he could return to work upon reporting the allegations suggests that Dixon was not, in fact, looking to retaliate against plaintiff. In these circumstances, the Court should conclude that defendants are entitled to summary judgment with respect to plaintiff's retaliation claim.

D.    *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff properly exhausted his hostile environment claim, that defendants have failed to meet their initial burden of demonstrating

19

the absence of a genuine issue of material fact with respect to that claim, and that plaintiff has met

his burden of demonstrating a genuine issue of material fact with respect to each element of the

claim.  The Court should also conclude, however, that there are no genuine issues of material fact

precluding summary judgment with respect to the Title VII claims asserted against defendant Dixon

individually, or with respect to plaintiff's Title VII and ELCRA claims.  Accordingly, the Court

should grant in part and deny in part defendants' motion for summary judgment.  Specifically, the

Court should grant summary judgment: (1) to defendant Dixon on plaintiff's Title VII claims against

him individually; and (2) to both defendants on plaintiff's Title VII and ELCRA retaliation claim.

The Court should deny summary judgment with respect to plaintiff's ELCRA hostile environment

claim against both defendants and with respect to plaintiff's Title VII hostile environment claim

against defendant Total Bus Car, Inc.  Finally, the Court should deem plaintiff's sex discrimination

claim, asserted in Count III of the Amended Complaint, withdrawn and should dismiss this claim.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

        The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED.

R. CIV. P. 72(b).  Failure to file specific objections constitutes a waiver of any further right of appeal.

*Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505

(6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which

raise some issues but fail to raise others with specificity, will not preserve all the objections a party

might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931

F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 2/14/11

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on February 14, 2011.

s/Eddrey Butts
Case Manager