UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN JENNINGS, SR.,                                   Case No. 09-12235

        Plaintiff,                              HONORABLE ARTHUR J. TARNOW
v.                                                      UNITED STATES DISTRICT JUDGE

TOTAL BUS CARE, INC., ET AL.,                           HONORABLE PAUL J. KOMIVES
                                                        UNITED STATES MAGISTRATE JUDGE
        Defendants.
_____/

**ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [30], AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [26]**

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") [30] of February 14, 2011. The Report and Recommendation recommends that Defendants' Motion for Summary Judgment be granted in part and denied in part. On February 28, 2011, Plaintiff filed an Objection [31]. Defendants filed a Response [32] on March 2, 2011.

**I.  Standard of Review**

This Court reviews objections to a Magistrate Judge's R&R *de novo*. *See* 28 U.S.C. §636(b)(1)(C).

**II.  Analysis**

    **A. Introduction**

Plaintiff's First Amended Complaint [19] contains three counts: Hostile work environment, sex discrimination, and retaliation. Neither party has filed an objection to the Magistrate Judge's conclusions regarding Plaintiff's hostile work environment and sex discrimination claims.

1

The Court has reviewed the record in the case and adopts the well-reasoned R&R as to the hostile work environment and sex discrimination claims. Defendants' Motion for Summary Judgment is thus denied as to Plaintiff's hostile work environment claims under both Title VII and the Michigan Elliott-Larsen Civil Rights Act (hereinafter "ELCRA") against Total Bus Care, Inc. and as to Plaintiff's hostile work environment claim under ELCRA against Dixon. Defendants' Motion is granted as to Plaintiff's hostile work environment claim under Title VII against Dixon individually. Plaintiff's claim for sex discrimination is deemed withdrawn and hereby dismissed.

### B. Plaintiff's Objection

#### 1. Prima Facie Case

As a preliminary matter, the Court notes that Plaintiff's Objection is focused on Plaintiff's retaliation count and the issue of establishing pretext. In the R&R, the Magistrate Judge did not make any specific findings regarding Plaintiff's ability to set forth a prima facie case of retaliation. Instead, he assumed arguendo that Plaintiff had made a prima facie showing but dismissed the claim based on Plaintiff's failure to establish pretext.

As will be discussed below, the Court rejects in part the R&R as to its recommendation regarding Plaintiff's retaliation claims under Title VII against Total Bus Care and under ELCRA against Total Bus Care and Dixon. The Court finds that Plaintiff has satisfied his burden as to pretext under the *McDonnell Douglas* burden shifting analysis. *See McDonnell Douglas Corp v. Green*, 411 U.S. 792, 802-804 (1973).

However, before addressing the issue of pretext, it is appropriate to first examine whether Plaintiff has set forth a prima facie case of retaliation.

The Sixth Circuit has concluded that a plaintiff must demonstrate the following to establish a prima facie case of retaliation under Title VII: "(1) that [he] engaged in a protected activity; (2) that the defendant had knowledge of [his] conduct; (3) that the defendant took an adverse employment action towards [him]; and (4) that there was a causal connection between the protected activity and the adverse employment action." *See Mickey v. Zeidler Tool and Die Co.*, 516 F.3d 516, 523 (6th Cir. 2008) (citations and internal quotation marks omitted). Claims brought under ELCRA also require a similar prima facie case, "but the standard for causation is higher. The Michigan Court of Appeals has held that [t]o establish causation, the plaintiff must show that his participation in activity protected by the [EL]CRA [sic] was a significant factor in the employer's adverse employment action, not just that there was a causal link between the two." *Id*. (citation and internal quotation marks omitted).

Plaintiff has set forth a prima facie case of retaliation. Plaintiff engaged in protected activity and Defendants had knowledge of this conduct. Dixon testified that Plaintiff told him on the date Plaintiff left work early that Howard "had been sexually harassing him." *See* Plaintiff's Response, Exhibit C at 50. As to other instances of protected activity– There is a question of fact as to whether Plaintiff previously reported to Defendants that Howard was sexually harassing him, with Plaintiff asserting that he reported multiple times prior to July 2008 that Howard was making advances toward him and Dixon asserting that Plaintiff had never previously expressed any "similar issues or concerns" regarding Howard. *See* Plaintiff's Response, Exhibit B at 49-50; Exhibit C at 55.

At a minimum, Plaintiff has demonstrated a question of fact as to whether Defendant took an adverse employment action toward him. Plaintiff alleges that Defendants fired him. He

testified that he was told on the day of the incident in question that he could go home or return to work.  *See* Plaintiff's Response, Exhibit B at 86.  He ultimately went home.  Defendants subsequently would not allow him to return to work.  Defendants dispute that Plaintiff was terminated, claiming instead that he voluntarily resigned.  He was given the Hobson's choice of either returning to a hostile work environment or to go home and risk being described as a "voluntary quit."[1]  However it is characterized, Plaintiff was not permitted to return to his employment.

Plaintiff has also demonstrated a genuine issue of material fact as to whether a causal connection exists between his reporting of sexual harassment and his alleged termination and whether his reporting was a significant factor in the alleged termination.  The Sixth Circuit has concluded:

> Where an adverse employment action occurs very close in time after an employer learns of a protected activity, such temporal proximity between the events is significant enough to constitute evidence of a causal connection for the purposes of satisfying a prima facie case of retaliation.  But where some time elapses between when the employer learns of a protected activity and the subsequent adverse employment action, the employee must couple temporal proximity with other evidence of retaliatory conduct to establish causality.

*See Mickey*, 516 F.3d at 525.  Here, the temporal proximity between Plaintiff reporting his claim on July 24, 2008 to Dixon and Plaintiff subsequently being told he could not return to work is sufficient to raise a question of fact regarding causation under Title VIII.  Plaintiff also satisfies

---

[1] *See Cyberspace, Communications, Inc. v. Engler*, 55 F. Supp. 2d 737, 748 (E.D. Mich. 1999) ("Hobson's choice: [After Thomas Hobson (1544-1631), English liveryman, from his requirement that customers take either the horse nearest the stable door or none.] An apparently free choice that offers no actual alternative.  Webster's II, New College Dictionary 526 (1995)")

4

the "causation" factor under ELCRA.  Even if temporal proximity alone was insufficient to satisfy the causation prong of the prima facie test, temporal proximity, "combined with [Plaintiff's] evidence of pretext rebutting [Defendants'] asserted non-discriminatory reasons for terminating him," satisfies the "significant factor" standard "and his claim raises questions of fact for a jury to decide."  *Id*. at 527-528.

Accordingly, Plaintiff has met his burden as to the prima facie test of retaliation under both Title VII and the ELCRA.

### 2. Pretext

Plaintiff objects to the Magistrate Judge's recommendation that Defendants are entitled to summary judgment on Plaintiff's claims of retaliation under Title VII and ELCRA.  Specifically, Plaintiff alleges that the Magistrate Judge erred in concluding Plaintiff could not make a showing of pretext because the evidence established that Defendants had an honest belief in their reason for refusing to allow Plaintiff to return to work.  Plaintiff asserts that the Magistrate Judge wrongly credited Defendants' version of events and that Plaintiff has in fact made a showing that Defendants' articulated legitimate, nondiscriminatory reason for its action was a pretext for unlawful retaliation.

Although the Magistrate Judge properly found that Defendants have articulated a legitimate, nondiscriminatory reason for their actions (Defendants alleged that Plaintiff was not allowed to return to work because he left work before the work day was complete), this Court rejects the Magistrate Judge's conclusion regarding pretext and finds that Plaintiff has indeed carried his burden as to this part of the *McDonnell Douglas* burden shifting analysis.  *See McDonnell Douglas Corp v. Green*, 411 U.S. at 802-804.

5

The Sixth Circuit has concluded that:

> [a] plaintiff can demonstrate pretext by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct. The plaintiff must produce sufficient evidence from which the jury could reasonably reject [the defendants'] explanation and infer that the defendants... did not honestly believe in the proffered non-discriminatory reason for its adverse employment action. To show an honest belief, the employer must be able to establish its reasonable reliance on the particularized facts that were before it at the time the decision was made.

*See Mickey*, 516 F.3d at 526 (citations and internal quotation marks omitted).

Defendants allege that Plaintiff left work before the end of the work day was complete. They maintain that they believe this act constituted a voluntary resignation. The R&R concludes that Defendants honestly believed this reason and thus Plaintiff was unable to establish pretext.

However, in making this determination, the Magistrate Judge appears to have credited Defendants' version of facts over Plaintiff's account of events, which is improper under the standard for reviewing motions for summary judgment. The Magistrate Judge failed to take into account Dixon's inconsistent statements regarding what transpired. *See Matsushita Electric Industrial Co., Ltd., et al., v. Zenith Radio Corp., et al.*, 475 U.S. 574, 587 (1986); *see also Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

Defendants contend in their summary judgment motion that after Plaintiff reported that he did not want to work with Howard, Dixon informed Plaintiff that he did not have to come into contact with her and asked Plaintiff if he still wanted to work. *See* Defendants' Motion; Exhibit 3. After Plaintiff said yes and Dixon said to get back to work, Plaintiff then allegedly walked to the time clock, punched out, and left. *Id.*, Exhibit 3. Dixon considered this a voluntary quit. *Id.*, Exhibit 3. In support of this version of events offered in their brief, Defendants rely on Exhibit 3

to their motion, which is a signed letter from Dixon dated September 2, 2008 stating the above. The Magistrate Judge credits this set of facts and concludes that Plaintiff failed to demonstrate pretext because "there is no evidence that suggests Dixon did not have an honest belief that plaintiff had voluntarily terminated his employment." *See* R&R at 19.

In doing so, he failed to properly credit Plaintiff's testimony that contradicted Defendants' version of events. Moreover, the R&R overlooks that Defendants' position regarding the events that occurred changed between September 2, 2008, and May 6, 2010, the date of Dixon's deposition. In his deposition testimony, which the R&R does not discuss, Dixon gives testimony contradicting his prior signed letter, testifying that after Plaintiff spoke to him about Howard, he gave Plaintiff the choice to either go back to work *or to go home*. *See* Plaintiff's Response, Exhibit C at 48-50. This testimony, though contradicting Dixon's own prior statement, is consistent with Plaintiff's deposition testimony that Dixon gave him the choice after they spoke about Howard that he could either continue to work or go home. *Id.*, Exhibit B at 86.

While Defendants claim that Plaintiff's early departure was the reason he was not permitted to return to work, Plaintiff's testimony (as well as Defendant's testimony contradicting his prior statement) casts doubt on that nondiscriminatory reason. Dixon told Plaintiff that he could continue working or go home; when Plaintiff did what Dixon said was permissible and went home, Dixon changed course, arguing that going home actually meant Plaintiff was quitting. This creates a fact question as to whether Defendants, at the time they made their decision, had an honest belief in that nondiscriminatory reason or whether it was really a pretext

for unlawful retaliation against Plaintiff.[2]  As Plaintiff has "produced sufficient evidence from which the jury could reasonably reject [the defendants'] explanation and infer that the defendants... did not honestly believe in the proffered non-discriminatory reason for its adverse employment action," a grant of summary judgment as to Total Bus Care on Plaintiff's retaliation claims under Title VII and ELCRA and as to Dixon on Plaintiff's retaliation claim under ELCRA is inappropriate.  *See Mickey*, 516 F.3d at 526.

As for Plaintiff's retaliation claim under Title VII against Dixon in his individual capacity— The Magistrate Judge concluded that an individual owner is not subject to liability under Title VII.  *See* R&R at 6.  Plaintiff does not address this determination in his Objection, nor did he address it in his response to Defendant's Motion.  Therefore, the Court adopts the R&R as to the conclusion that Plaintiff's claim of retaliation under Title VII against Dixon individually must be dismissed.  However, as detailed above, Plaintiff's retaliation claim under ELCRA against Dixon withstands Defendant's Motion.

## III.   Conclusion

The Court has reviewed the record and the parties' pleadings in this case, and being fully advised in the premises,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [30] is hereby **ADOPTED IN PART** and entered as the findings and conclusions of the Court as

---

[2] The Magistrate Judge also noted that the fact that Dixon informed Plaintiff "he could return to work upon reporting the allegations *suggests* that Dixon was not, in fact, looking to retaliate against plaintiff."  *See* Report and Recommendation at 19.  However, as this is Defendant's motion for summary judgment, all reasonable inferences are to be drawn in favor of Plaintiff.  *See Matsushita,* 475 U.S. at 587.  Even if Plaintiff were given a choice to return to work, that does not change the above discussion regarding pretext.  Plaintiff has raised fact questions precluding dismissal of his retaliation claims.

to the recommendation that: 1) Defendant's Motion for Summary Judgment [26] be denied as to Plaintiff's hostile work environment claims under both Title VII and ELCRA against Total Bus Care, Inc. and as to Plaintiff's hostile work environment claim under ELCRA against Dixon; 2) Defendants' Motion be granted as to Plaintiff's hostile work environment and retaliation claims under Title VII against Dixon individually; 3) Plaintiff's claim for sex discrimination be deemed withdrawn and hereby dismissed.

**IT IS FURTHER ORDERED** that the Report and Recommendation is hereby **REJECTED IN PART** as to the recommendation that Defendant's Motion be granted as to Plaintiff's retaliation claim under Title VII against Total Bus Care, Inc. and granted as to Plaintiff's retaliation claim under ELCRA against Total Bus Care, Inc. and Dixon. Defendant's Motion as to Plaintiff's retaliation claim under Title VII against Total Bus Care, Inc. and under ELCRA against Total Bus Care, Inc. and Dixon is hereby **DENIED**.

**SO ORDERED**.


Dated: March 30, 2011                             S/ARTHUR J. TARNOW
                                                  Arthur J. Tarnow
                                                  Senior United States District Judge

Dated: March 30, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2011, by electronic and/or ordinary mail.

                                                  S/Michael Williams
                                                  Case Manager